

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 0 2025

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSHEA BROWN,<br><br>Defendant. | Case No.  2:25-CR-00162-JFW<br><br>ORDER OF DETENTION |

## I.

On March 20, 2025, Defendant appeared for a continued detention hearing in this matter.[1]  Bert Roughton, with the Office of the Federal Public Defender, was

---

[1] The Defendant appeared for his initial appearance on March 19, 2025, and requested a one-day continuance for the detention hearing.

appointed to represent Defendant. The government was represented by Assistant United States Attorney Diane Roldán.


A detention hearing was held.


☒      On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

☒      On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☐ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of danger:

    ☒   The incident giving rise to this prosecution, in which Defendant allegedly threatened to kill an ex-girlfriend, went to her home with a firearm, and resisted arrest by law enforcement.

    ☒   Defendant's criminal history, including prior firearms and violent offenses.

V.

IT IS THEREFORE ORDERED that the Defendant be detained until trial. The Defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined will deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)].

Dated: March 20, 2025

                    /s/
                  MICHAEL B. KAUFMAN
            UNITED STATES MAGISTRATE JUDGE